ARCADIA DAIRY FARMS, INC., A NORTH CAROLINA CORPORATION v. NORTH CAROLINA MILK COMMISSION, WILLIAM YOUNTS, JR., HERBERT C. HAWTHORNE, MRS. B. C. LANGSTON, SR., FRANKLIN POISSON, B. F. NESBITT, MRS. LILLIAN WOO, AND MARTIN PANNELL

No. 18

(Filed 6 April 1976)

APPEAL by plaintiff from *McKinnon, J.,* at the 16 June 1975 Session of WAKE, heard prior to determination by the Court of Appeals.

This is a companion to Case No. 17, In Re Appeal of and Petition for Judicial Review by Arcadia Dairy Farms, Inc., of Amendment No. 27 to Milk Marketing Order #2. The two cases were argued together on appeal and present essentially the same questions.

In the present case, Arcadia sued in the Superior Court of Wake County for a declaratory judgment that Milk Marketing Order #2, as amended by Amendment No. 27, be declared illegal, unconstitutional and void insofar as it purports to require payments by the plaintiff to an equalization fund established by the order of the Milk Commission. In Case No. 17, Arcadia sought similar judicial review of the action of the Commission pursuant to G.S. 106-266.15(b). The plaintiff, in the present

suit, also sought a permanent injunction against the defendants to restrain the enforcement of the provisions of the Commission's order with reference to the requirement of such payments into the equalization fund.

After hearing, the trial judge made findings of fact and conclusions of law, including the conclusion that the plaintiff is not entitled to the declaratory judgment for which it prays.

*Robert B. Long, Jr., for appellant.*

*Harris, Poe, Cheshire & Leager by W. C. Harris, Jr., for appellee.*

LAKE, Justice.

The trial court concluded: "The Commission does have the statutory power to adopt the regulation known as Amendment No. 27 to Milk Marketing Order No. 2 requiring certain equalization payments under the circumstances prescribed in the order by licensed distributors of the Commission." For the reasons set forth in our opinion in Case No. 17, decided this day, the foregoing conclusion of the trial court is erroneous. The judgment of the Superior Court is, therefore, reversed and this matter is remanded to that court for the entry of a judgment granting to the plaintiff the relief prayed for in its complaint.

Reversed and remanded.